| Fill in this information to identify the case |
| --- |

United States Bankruptcy Court for the:

Southern _____  District of __New York_____
                              (State)

Case number (*If known*): _____  Chapter __11___

☐  Check if this is
an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case   number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
| --- | --- | --- |
| 1. | Debtor's name | Tops Markets, LLC |

| | | |
| --- | --- | --- |
| 2. | All other names debtor used in the last 8 years | See Schedule 1 |
| | Include any assumed names,  trade names, and *doing business  as* names | |

| | | |
| --- | --- | --- |
| 3. | Debtor's federal Employer Identification Number (EIN) | 16-1592810 |

**4.  Debtor's address**

| Principal place of business | Mailing address, if different from principal place  of business |
| --- | --- |
| 6363 _____ Main Street _____ <br> Number         Street | _____ _____ <br> Number         Street |
| | _____ <br> P.O. Box |
| Williamsville __ New York __ 14221 ___ <br> City         State       ZIP Code | _____ _____ _____ <br> City         State       ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Erie County _____ <br> County | _____ _____ <br> Number         Street |
| | _____ _____ _____ <br> City         State       ZIP Code |

| | | |
| --- | --- | --- |
| 5. | Debtor's website (URL) | www.topsmarkets.com |

| | | |
| --- | --- | --- |
| 6. | Type of debtor | ☒  Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐  Partnership (excluding LLP) <br> ☐  Other.  Specify: _____ |

WEIL:\96429439\1\77738.0003

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

**4451 - Grocery Stores**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  ☐ A plan is being filed with this petition.
  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes    District _____ When _____ Case number _____
                                              MM/ DD/ YYYY
              District _____ When _____ Case number _____
                                              MM/ DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes    Debtor    See attached Schedule 2    Relationship _____
              District    Southern District of New York    When    February 21, 2018
              Case number, if known _____    MM / DD/ YYYY

WEIL:\96429439\1\77738.0003

**11. Why is the case filed in this district?**

*Check all that apply:*

☒   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that appl*y.)

☐   It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

     What is the hazard? _____

☐   It needs to be physically secured or protected from the weather.

☐   It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐   Other _____

**Where is the property?**

_____

| Number | Street | | |
|---|---|---|---|

_____

| City | | State | ZIP Code |
|---|---|---|---|

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

         Contact Name _____

         Phone _____

---

### ▮ Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒   Funds will be available for distribution to unsecured creditors.

☐   After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

WEIL:\96429439\1\77738.0003

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtors.**

▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

▪ I have been authorized to file this petition on behalf of the debtor.

▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    <u>February 21, 2018</u>
            MM/ DD /YYYY

✗    <u>/s/ David Langless</u>          <u>David Langless</u>
      Signature of authorized representative of debtor       Printed name

      <u>Chief Financial Officer</u>
      Title

**18. Signature of attorney**

✗    <u>/s/ Ray C. Schrock</u>     Date    <u>February 21, 2018</u>
      Signature of attorney for debtor        MM / DD / YYYY

      <u>Ray C. Schrock, P.C.</u>
      Printed Name

      <u>Weil, Gotshal & Manges LLP</u>
      Firm Name

      <u>767 Fifth Avenue</u>
      Number      Street

      <u>New York</u>      <u>New York</u>      <u>10153</u>
      City        State        ZIP Code

      <u>(212) 310-8000</u>      <u>ray.schrock@weil.com</u>
      Contact phone       Email address

      <u>4860631</u>      <u>New York</u>
      Bar Number       State

WEIL:\96429439\1\77738.0003

**Schedule 1**

| **All Other names debtor used in the last 8 years** |
| --- |
| Orchard Fresh |
| Orchard Fresh Gift Card Company |
| P&C |
| P&C Foods |
| P&C Foods & Pharmacy |
| P&C Fresh |
| P&C Fresh Foods and Pharmacy |
| P&C Fresh Market |
| P&C Fresh Market & Pharmacy |
| P&C Market |
| Quality Fresh Market |
| Quality Markets |
| Tops |
| Tops Deli Bakery Meat |
| Tops Deli Café Bakery |
| Tops Finer Foods |
| Tops Food & Pharmacy |
| Tops Food Market |
| Tops Friendly Markets |
| Tops Gift Card Company |
| Tops International |
| Tops Markets |
| Tops Super Food Center |
| Tops Supercenter |

## Schedule 2

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").  A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of **Tops Holding II Corporation.**

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT |
|---|---|---|---|
| Tops Markets, LLC | 18-_____ (  ) | February 21, 2018 | S.D.N.Y |
| Tops MBO Corporation | 18-_____ (  ) | February 21, 2018 | S.D.N.Y |
| Tops Holding II Corporation | 18-_____ (  ) | February 21, 2018 | S.D.N.Y |
| Tops Holding LLC | 18-_____ (  ) | February 21, 2018 | S.D.N.Y |
| Tops Markets II Corporation | 18-_____ (  ) | February 21, 2018 | S.D.N.Y |
| Tops PT, LLC | 18-_____ (  ) | February 21, 2018 | S.D.N.Y |
| Tops Gift Card Company, LLC | 18-_____ (  ) | February 21, 2018 | S.D.N.Y |
| Erie Logistics LLC | 18-_____ (  ) | February 21, 2018 | S.D.N.Y |
| TM1, LLC | 18-_____ (  ) | February 21, 2018 | S.D.N.Y |

# TOPS MARKETS, LLC

## CERTIFICATE OF CORPORATE SECRETARY

### February 20, 2018

I, David Langless, being a duly elected and authorized officer of each of the following (each a "**Company**" and, collectively, the "**Companies**"):

A.     Tops Markets, LLC, a New York limited liability company;

B.     Tops MBO Corporation, a Delaware corporation;

C.     Tops Holding II Corporation, a Delaware corporation;

D.     Tops Holding LLC, a Delaware limited liability company;

E.     Tops Markets II Corporation, a Delaware corporation;

F.     Tops PT, LLC, a New York limited liability company;

G.     Tops Gift Card Company, LLC, a Virginia limited liability company;

H.     Erie Logistics LLC, a Delaware limited liability company; and

I.     TM1, LLC, a Delaware limited liability company;

hereby certify as follows:

A.     I am a duly qualified and elected officer of each of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies;

B.     Attached hereto is a true, correct, and complete copy of the resolutions of the board of directors, board of managers, sole member, or sole manager, as the case may be, of each of the Companies, duly adopted and approved on February 20, 2018, in accordance with each Company's bylaws or operating agreement; and

C.     Such resolutions have not been amended, altered, annulled, rescinded, modified, or revoked since their adoption and remain in full force and effect as of the date hereof.  There exist no subsequent resolutions relating to the matters set forth in the resolutions attached here.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the 20th day of February, 2018.

/s/ David Langless
Name: David Langless
Title:   Chief Financial Officer

**RESOLUTIONS OF**
**THE GOVERNING BODIES OF**
**TOPS MBO CORPORATION**
**TOPS HOLDING II CORPORATION**[1]
**TOPS HOLDING LLC**
**TOPS MARKETS, LLC**
**TOPS MARKETS II CORPORATION**
**ERIE LOGISTICS LLC**
**TOPS PT, LLC**
**TM1, LLC**
**TOPS GIFT CARD COMPANY, LLC**

**February 20, 2018**

The required members of the board of directors, board of managers, or the sole member, as the case may be (as applicable, the "Governing Body"), of each of the above referenced companies (each, a "Company," and collectively, the "Companies"), do hereby resolve to adopt, and do hereby adopt, the following resolutions at a meeting of the board of managers or directors, or by action of the sole member, as the case may be, pursuant to the organizational documents of the Companies and, as applicable, Section 141 of the Delaware General Corporation Law, Section 18-3029(d) of the Delaware Limited Liability Company Act, Sections 407 and 408 of the New York Limited Liability Company Law and Section 1024 of the Virginia Limited Liability Company Act.

WHEREAS, the Governing Body of each Company has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives available to it and the impact of the foregoing on such Company's businesses; and

WHEREAS, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider each of the strategic alternatives available to such Company; and

WHEREAS, each Governing Body believes that commencing a Chapter 11 Case (as defined below) and taking the actions set forth below are in the best interests of the applicable Company and, therefore, desires to approve the following resolutions.

**Commencement of the Chapter 11 Case**

NOW, THEREFORE, BE IT RESOLVED, that each Governing Body of each Company has determined, after due consultation with the management and the legal and financial advisors of the applicable Company, that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that a petition be filed by such Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and be it further

RESOLVED, that any manager, member, officer or director of such Company (each, an "Authorized Officer"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of such Company, and under its corporate seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, and other documents in the United States

---

1 The resolutions set forth below were adopted formally at a meeting of the board of Tops Holding II Corporation.

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer, who may act without the joinder of any other Authorized Officer, deems necessary, proper, or desirable in connection with such Company's chapter 11 case (each, a "Chapter 11 Case"), including, without limitation, negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and/or instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of such Chapter 11 Case; and be it further

### Debtor-in-Possession Financing

RESOLVED, the Governing Body of each DIP Borrower (as defined in <u>Exhibit I</u> hereto), as applicable, do hereby adopt and resolve to adopt the resolutions attached hereto as <u>Exhibit I</u> by such DIP Borrower, and the Governing Body of each DIP Guarantor (as defined in <u>Exhibit I</u> hereto), as applicable, do hereby adopt and resolve to adopt the resolutions attached hereto as <u>Exhibit II</u> by such DIP Guarantor; and be it further

RESOLVED, that all capital terms used in the resolutions attached hereto as <u>Exhibit I</u> and <u>Exhibit II</u> and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreements (as defined in <u>Exhibit I</u> hereto), as applicable; and be it further

### Retention of Advisors

RESOLVED, that firm of Evercore Group L.L.C., located at 55 East 52nd Street, 35th Floor, New York, New York 10055, is hereby retained as investment banker for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of FTI Consulting, Inc., located at 227 West Monroe, Suite 900, Chicago, IL 60606, is hereby retained as financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of Hilco Real Estate, LLC, located at 5 Revere Drive Suite 320, Northbrook, Illinois 60062, is hereby retained to provide the Company with additional real estate and advisory services in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of Epiq Bankruptcy Solutions, LLC, located at 777 Third Avenue, 12th Floor, New York, New York 10017, is hereby retained as claims, noticing and solicitation agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

### Appointment of Michael Buenzow as Chief Restructuring Officer

RESOLVED, that each Governing Body of each Company previously discussed the appointment of a Chief Restructuring Officer to provide certain consulting services to the Companies in connection with transactions and procedures under and related to any in-court or out-of-court restructuring or bankruptcy filing; and be it further

RESOLVED, that each Governing Body of each Company has recommended that the Companies appoint Michael Buenzow as Chief Restructuring Officer; and be it further

RESOLVED, that each Governing Body has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider the decision to appoint Michael Buenzow in this role; and be it further

RESOLVED, that Michael Buenzow, Senior Managing Director of FTI Consulting, Inc. located at 200 State Street, 9th Floor, Boston, Massachusetts 02109, is hereby retained as a Chief Restructuring Officer (the "Chief Restructuring Officer").  Subject to his business judgment and fiduciary responsibilities, Mr. Buenzow will be granted authority to evaluate, implement, and manage the Companies; and be it further

RESOLVED, that the Chief Restructuring Officer is hereby authorized, empowered, and directed, in the name and on behalf of each Company, to execute and file in the Company's Chapter 11 Case, all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to take and perform any and all further acts and deeds which such Chief Restructuring Officer deems necessary, proper, or desirable in connection with the Company's Chapter 11 Case; and be it further

RESOLVED, that the Chief Restructuring Officer, as an authorized representative of each of the Companies, is authorized and directed to execute and deliver all documents necessary to perfect the filing of the Chapter 11 Case; and be it further

RESOLVED, that the Chief Restructuring Officer is authorized and directed to appear in all bankruptcy proceedings on behalf of each Company, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of each Company in connection with the Chapter 11 Case; and be it further

**Ratification**

RESOLVED, that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of any Authorized Officer, who may act without the joinder of any other Authorized Officer, shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case; and be it further

RESOLVED, that any and all past actions heretofore taken by any Authorized Officer in the name and on behalf of the applicable Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of such Company; and be it further

RESOLVED, that a copy of these Omnibus Resolutions executed as aforesaid may be placed in the minute book of each Company and such copy shall be conclusive evidence that these resolutions have been adopted.

**EXHIBIT I**

**DIP BORROWER RESOLUTIONS**

February 20, 2018

WHEREAS, Tops Markets, LLC, a New York limited liability company ("<u>Tops Markets</u>") and Tops PT, LLC, a New York limited liability company ("<u>Tops PT</u>") desire to enter into that certain Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement, dated as of the date hereof (the "<u>ABL DIP Credit Agreement</u>") by and among Tops Markets, as a borrower, for itself and as agent for the other borrowers from time to time party thereto, Tops PT (Tops PT, together with Tops Markets, the "<u>ABL DIP Borrowers</u>"), as a borrower, Tops Holding LLC, a Delaware limited liability company ("<u>Tops Holdings</u>"), Tops Gift Card Company, LLC, a Virginia limited liability company ("<u>Tops Gift Co</u>"), Erie Logistics LLC, a Delaware limited liability company ("<u>Erie</u>"), Tops Markets II Corporation, a Delaware corporation ("<u>Tops Markets II</u>"), TM1, LLC, a Delaware limited liability company ("<u>TM1</u>"), TOPS MBO Corporation, a Delaware corporation ("<u>MBO</u>"), Tops Holding II Corporation, a Delaware corporation ("<u>Tops Holdings II</u>", and together with Tops Holdings, Tops Gift Co, Erie, Tops Markets II, TM1 and MBO, the "<u>ABL DIP Guarantors</u>") as guarantors, the lenders from time to time party thereto (the "<u>ABL DIP Lenders</u>"), and Bank of America, N.A., as Administrative Agent (the "<u>ABL DIP Agent</u>"), pursuant to which a revolving credit facility in the aggregate committed amount of $140,000,000 will be made available to the DIP Borrowers on the terms and conditions set forth in the ABL DIP Credit Agreement;

WHEREAS, Tops Markets (the "<u>Term Loan DIP Borrower</u>" together with the ABL DIP Borrowers, the "<u>DIP Borrowers</u>") desires to enter into that certain Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement, dated as of the date hereof (the "<u>Term Loan DIP Credit Agreement</u>", and together with the ABL DIP Credit Agreement, the "<u>DIP Credit Agreements</u>"; capitalized terms used (but not defined) herein shall have the meaning as ascribed to them in the DIP Credit Agreements), by and among the Term Loan DIP Borrower, the ABL DIP Guarantors and Tops PT (collectively the "<u>Term Loan DIP Guarantors</u>", and together with the ABL DIP Guarantors, the "<u>DIP Guarantors</u>", and together with the DIP Borrowers, each individually a "<u>Company</u>" and collectively the "<u>Companies</u>") as guarantors, the lenders from time to time party thereto (the "<u>Term Loan DIP Lenders</u>", and together with the ABL DIP Lenders, the "<u>DIP Lenders</u>"), and Cortland Capital Market Services LLC, as Administrative Agent (the "<u>Term Loan DIP Agent</u>", and together with the ABL DIP Agent, the "<u>DIP Agents</u>"), pursuant to which a term loan facility in the aggregate committed amount of $125,000,000 will be made available to the Term Loan DIP Borrower on the terms and conditions set forth in the Term Loan DIP Credit Agreement;

WHEREAS, pursuant to a Guaranty and Security Agreement, dated as of the date hereof (as may be amended, restated, supplemented or otherwise modified from time to time, the "<u>ABL DIP Security Agreement</u>"), by and among the ABL DIP Borrowers, the ABL DIP Guarantors and the ABL DIP Agent, the ABL DIP Borrowers and the ABL DIP Guarantors granted the ABL DIP Agent a legal, valid, continuing and enforceable security interest in the Collateral (as defined in the ABL DIP Security Agreement); and

WHEREAS, pursuant to a Guaranty and Security Agreement, dated as of the date hereof (as may be amended, restated, supplemented or otherwise modified from time to time, the "<u>Term Loan DIP Security Agreement</u>", and together with the ABL DIP Security Agreement, collectively, the "<u>DIP Security Agreements</u>"), by and among the Term Loan DIP Borrower, the other borrowers from time to time party thereto, the ABL DIP Guarantors and Tops PT (collectively, the "<u>Term Loan DIP Guarantors</u>", and together with the ABL DIP Guarantor, the "<u>DIP Guarantors</u>") as guarantors, and the Term Loan DIP Agent, the Term Loan DIP Borrower and the Term Loan DIP Guarantors granted the Term Loan DIP

Agent a legal, valid, continuing and enforceable security interest in the Collateral (as defined in the Term Loan DIP Security Agreement).

NOW, THEREFORE, be it:

DIP Credit Agreements and DIP Security Agreements

**RESOLVED**, that each DIP Guarantor is hereby authorized to enter into, and to borrow and obtain letters of credit, as applicable, under the DIP Credit Agreements, the DIP Security Agreements and any Additional DIP Guarantor Documents (as defined below) in its capacity as guarantor, and to perform its obligations thereunder, including, without limitation, the granting of security interests and the making of guarantees thereunder, and to take such actions, as are necessary, appropriate or desirable in connection with the foregoing, and that any officer of such DIP Borrower (each, an "<u>Authorized Officer</u>") be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such Guarantor, to execute and deliver the DIP Credit Agreements, the DIP Security Agreements and any Additional DIP Documents and to perform such DIP Borrower's obligations thereunder, including, without limitation, the granting of security interests and the making of guarantees thereunder, and to take such other actions as are necessary, appropriate or desirable in connection with the foregoing, with such modifications thereto as such Authorized Officer executing the same shall approve, his or her execution thereof being deemed conclusive evidence of such approval; and be it further

**RESOLVED**, that any Authorized Officer of each DIP Borrower be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such DIP Borrower, to execute and deliver all such other agreements, certificates, instruments and other writings, including the Intercreditor Acknowledgement (the "<u>Additional DIP Guarantor Documents</u>"), and to take all such other actions, as such Authorized Officer may deem necessary or appropriate in connection with the transactions contemplated by these resolutions; and be it further

**RESOLVED**, that each DIP Borrower will obtain benefits from the DIP Credit Agreements and it is in the best interest of each Borrower to enter into the DIP Credit Agreements; and be it further

**RESOLVED**, that each DIP Borrower hereby authorized, adopts and approves, in all respects the form, terms and provisions of the DIP Credit Agreements (including, without limitation, the Guarantees provided therein) substantially in the form to be executed and delivered on the date hereof and each Borrower's perfection thereunder; and be it further

Borrower Documents

**RESOLVED**, that the DIP Borrowers are authorized to update each DIP Security Agreement and any other Security Documents (as defined in each DIP Credit Agreement, as applicable) granting such DIP Agent a legal, valid, continuing and enforceable security interest in the Collateral, and is authorized to enter into such DIP Credit Agreement and the Additional DIP Documents to which each DIP Borrower is or is contemplated to be a party and any other agreements, documents, certificates or filings that any officer of such DIP Borrower determines are necessary, appropriate or desirable in connection with

such DIP Credit Agreement and the Additional DIP Documents to which such DIP Borrower is or is contemplated to be a party, as security for the Obligations (as defined in each DIP Credit Agreement) or any portion of them and as otherwise provided in the DIP Credit Agreement or the Additional DIP Documents; and be it further

**RESOLVED**, that any Authorized Officer of each DIP Borrower be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such DIP Borrower, to execute and deliver such additional assignments, stock powers, powers of attorney, notices, lien perfection documents and other agreements, certificates, instruments and other writings as each DIP Agent may request or as may be necessary or appropriate in the sole judgment of such officer to create, preserve and perfect the security interests and other liens required or contemplated pursuant to, or otherwise to give effect to any of the transactions contemplated by, any of the Additional DIP Documents; and be it further

**RESOLVED**, that any Authorized Officer of the DIP Borrower be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of the DIP Borrower, to execute and deliver all such other agreements, certificates, instruments and other writings, and to take all such other actions, as any such Authorized Officer may deem necessary or appropriate in connection with the transactions contemplated by these resolutions; and be it further

Ratification

**RESOLVED**, that all actions, proceedings, elections, appointments, approvals, assignments, grants, transfers, agreements, acts, declarations, instruments, documents, executions and transactions, whether done, taken, executed or acted upon, or purported to be done, taken, executed or acted upon, by or on behalf of each DIP Borrower in connection with the DIP Credit Agreements, the DIP Security Agreements, or any Additional DIP Guarantor Documents, be, and the same hereby are, approved, adopted, ratified and confirmed in all respects; and be it further

General Authority

**RESOLVED**, that any Authorized Officer of each DIP Borrower be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such DIP Borrower, to take such additional actions, to perform all acts and deeds, and to execute, ratify, certify, deliver, file and record such additional agreements, certificates, instruments and other writings as any of them may deem necessary or appropriate to implement the provisions of the foregoing resolutions (including, without limitation, amendments, restatements, replacements or other modifications of any of the foregoing documents) or otherwise in connection with the DIP Credit Agreements or any Additional DIP Documents, to appoint such agents on behalf of such DIP Guarantor as any such Authorized Officer may deem necessary or appropriate in connection with the foregoing resolutions or to comply with the requirements of the agreements, certificates, instruments and other writings approved by the foregoing resolutions, the authority for the taking or performing of such actions, acts or deeds and the execution, ratification, certification, delivery, filing or recording of such agreements, certificates, instruments or other writings to be conclusively evidenced thereby; and be it

further

**RESOLVED**, that, to the extent any Company serves as the board of directors, sole member, managing member or other governing body (collectively, a "<u>Controlling Company</u>"), in each case, of any other company (a "<u>Controlled Company</u>"), each Authorized Officer, any one of whom may act without the joinder of any of the others, be, and each of them hereby is, severally authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Officer is herein duly authorized to take on behalf of such Controlling Company.

## EXHIBIT II

## DIP GUARANTOR RESOLUTIONS

February 20, 2018

WHEREAS, Tops Markets, LLC, a New York limited liability company ("Tops Markets") and Tops PT, LLC, a New York limited liability company ("Tops PT") desire to enter into that certain Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement, dated as of the date hereof (as may be amended, restated, supplemented or otherwise modified form time to time, the "ABL DIP Credit Agreement"), by and among Tops Markets, as a borrower, for itself and as agent for the other borrowers from time to time party thereto, Tops PT (Tops PT, together with Tops Markets, the "ABL DIP Borrowers"), as a borrower, Tops Holding LLC, a Delaware limited liability company ("Tops Holdings"), Tops Gift Card Company, LLC, a Virginia limited liability company ("Tops Gift Co"), Erie Logistics LLC, a Delaware limited liability company ("Erie"), Tops Markets II Corporation, a Delaware corporation ("Tops Markets II"), TM1, LLC, a Delaware limited liability company ("TM1"), TOPS MBO Corporation, a Delaware corporation ("MBO"), Tops Holding II Corporation, a Delaware corporation ("Tops Holdings II", and together with Tops Holdings, Tops Gift Co, Erie, Tops Markets II, TM1 and MBO, the "ABL DIP Guarantors") as guarantors, the lenders from time to time party thereto (the "ABL DIP Lenders"), and Bank of America, N.A., as Administrative Agent (the "ABL DIP Agent"), pursuant to which a revolving credit facility in the aggregate committed amount of $140,000,000 will be made available to the DIP Borrowers on the terms and conditions set forth in the ABL DIP Credit Agreement; and

WHEREAS, Tops Markets (the "Term Loan DIP Borrower", and together with the ABL DIP Borrowers, the "DIP Borrowers") desires to enter that certain Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement, dated as of the date hereof (as may be amended, restated, supplemented or otherwise modified from time to time, the "Term Loan DIP Credit Agreement", and together with the ABL DIP Credit Agreement, the "DIP Credit Agreements"; capitalized terms used (but not defined) herein shall have the meaning as ascribed to them in the DIP Credit Agreements, as applicable), by and among the Term Loan DIP Borrower, the other borrowers from time to time party thereto the lenders from time to time party thereto (the "Term Loan DIP Lenders", and together with the ABL DIP Lenders, the "DIP Lenders"), and Cortland Capital Market Services LLC, as Administrative Agent and Collateral Agent (the "Term Loan DIP Agent", and together with the ABL DIP Agent, the "DIP Agents"), pursuant to which a term loan facility in the aggregate committed amount of $125,000,000 will be made available to the Term Loan DIP Borrower on the terms and conditions set forth in the Term Loan DIP Credit Agreement; and

WHEREAS, each of the ABL DIP Borrowers and the ABL DIP Guarantors desires to enter into that certain Guaranty and Security Agreement dated as of the date hereof (as may be amended, restated, supplemented or otherwise modified from time to time, the "ABL DIP Security Agreement"), by and among the ABL DIP Borrowers, the ABL DIP Guarantors and the ABL DIP Agent, pursuant to which, among other things, the ABL DIP Borrowers and the ABL DIP Guarantors granted the ABL DIP Agent a legal, valid, continuing and enforceable security interest in the Collateral (as defined in the ABL DIP Security Agreement); and

WHEREAS, each of the Term Loan DIP Borrower and the Term Loan DIP Guarantors (as defined below) desires to enter into that certain Guaranty and Security Agreement dated as of the date hereof (as may be amended, restated, supplemented or otherwise modified from time to time, the "Term Loan DIP Security Agreements", and together with the ABL DIP Security Agreement, collectively the "DIP Security Agreements"), by and among the Term Loan DIP Borrower, the other borrowers from time to time party thereto, the ABL DIP Guarantors and Tops PT (collectively, the "Term Loan DIP Guarantors", and together with the ABL DIP Guarantors, the "DIP Guarantors"), as guarantors, and the Term Loan DIP Agent, pursuant to which, among other things, the Term Loan DIP Borrower and the Term Loan DIP Guarantors

granted the Term Loan DIP Agent a legal, valid, continuing and enforceable security interest in the Collateral (as defined in the Term Loan DIP Security Agreement).

NOW, THEREFORE, be it:

DIP Credit Agreements and DIP Security Agreements

**RESOLVED**, that each DIP Guarantor is hereby authorized to execute and deliver the DIP Credit Agreements, the DIP Security Agreements and any Additional DIP Guarantor Documents (as defined below) in its capacity as guarantor, and to perform its obligations thereunder, including, without limitation, the granting of security interests and the making of guarantees thereunder, and to take such actions, as are necessary, appropriate or desirable in connection with the foregoing, and that any officer of such DIP Guarantor (each, an "Authorized Officer") be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such Guarantor, to execute and deliver the DIP Credit Agreements and any Additional DIP Guarantor Documents and to perform such DIP Guarantor's obligations thereunder, including, without limitation, the granting of security interests and the making of guarantees thereunder, and to take such other actions as are necessary, appropriate or desirable in connection with the foregoing, with the DIP Credit Agreements and any Additional DIP Guarantor Documents having such modifications as such officer executing the same shall approve, his or her execution thereof being deemed conclusive evidence of such approval; and be it further

**RESOLVED**, that any Authorized Officer of each DIP Guarantor be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to execute and deliver all such other agreements, certificates, instruments and other writings, including the Intercreditor Acknowledgement (the "Additional DIP Guarantor Documents"), and to take all such other actions, as such Authorized Officer may deem necessary or appropriate in connection with the DIP Credit Agreements, the DIP Security Agreements and any Additional DIP Guarantor Documents; and be it further

**RESOLVED**, that each DIP Guarantor is authorized to execute, deliver and perform such other agreements, amendments, ratifications and confirmations as the DIP Agents may require in connection with the DIP Credit Agreements, the DIP Security Agreements and any Additional DIP Guarantor Documents to which such DIP Guarantor is or is contemplated to be a party and any other agreements, documents, certificates or filings that any Authorized Officer of such DIP Guarantor determines are necessary, appropriate or desirable in connection with the DIP Credit Agreements, the DIP Security Agreements and the Additional DIP Guarantor Documents to which such DIP Guarantor is or is contemplated to be a party; and be it further

**RESOLVED**, that any Authorized Officer of each DIP Guarantor be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to execute and deliver such additional assignments, stock powers, powers of attorney, notices, lien perfection documents and other agreements, certificates, instruments and other writings as the DIP Agents may request or as may be necessary or appropriate

in the sole judgment of such Authorized Officer to create, preserve and perfect the security interests and other liens required or contemplated pursuant to, or otherwise to give effect to any of the transactions contemplated by, any of the Additional DIP Guarantor Documents; and be it further

**RESOLVED**, that any Authorized Officer of each DIP Guarantor be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to execute and deliver all such other agreements, certificates, instruments and other writings, and to take all such other actions, as any such Authorized Officer may deem necessary or appropriate in connection with the transactions contemplated by these resolutions; and be it further

**RESOLVED**, that each DIP Guarantor hereby authorizes, adopts and approves, in all respects the form, terms and provisions of the DIP Credit Agreements and DIP Security Agreements (including without limitation, the Guarantees provided therein) substantially in the form to be executed and delivered on the date hereof and each DIP Guarantor's perfection thereunder; and be it further

Ratification          **RESOLVED**, that all actions, proceedings, elections, appointments, approvals, assignments, grants, transfers, agreements, acts, declarations, instruments, documents, executions and transactions, whether done, taken, executed or acted upon, or purported to be done, taken, executed or acted upon, by or on behalf of any DIP Guarantor in connection with the DIP Credit Agreements, the DIP Security Agreements or any Additional DIP Guarantor Documents, be, and the same hereby are, approved, adopted, ratified and confirmed in all respects; and be it further

General Authority     **RESOLVED**, that any Authorized Officer of each DIP Guarantor be, and each of them hereby is individually, authorized, empowered and directed, in the name and on behalf of such DIP Guarantor, to take such additional actions, to perform all acts and deeds, and to execute, ratify, certify, deliver, file and record such additional agreements, certificates, instruments and other writings as any of them may deem necessary or appropriate to implement the provisions of the foregoing resolutions (including, without limitation, amendments, restatements, replacements or other modifications of any of the foregoing documents) or otherwise in connection with the DIP Credit Agreements, the DIP Security Agreements or any Additional DIP Guarantor Documents, to appoint such agents on behalf of such DIP Guarantor as any such Authorized Officer may deem necessary or appropriate in connection with the foregoing resolutions or to comply with the requirements of the agreements, certificates, instruments and other writings approved by the foregoing resolutions, the authority for the taking or performing of such actions, acts or deeds and the execution, ratification, certification, delivery, filing or recording of such agreements, certificates, instruments or other writings to be conclusively evidenced thereby; and be it further

**RESOLVED**, that, to the extent any Company serves as the board of directors, sole member, managing member or other governing body (collectively, a "Controlling Company"), in each case, of any other company (a "Controlled Company"), each Authorized Officer, any one of whom may act without the joinder of any of the others, be, and each of them hereby is, severally

authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to take all of the actions on behalf of such Controlled Company that an Authorized Officer is herein duly authorized to take on behalf of such Controlling Company.

| Fill in this information to identify the case: |
|---|

Debtor name: <u>Tops Markets, LLC</u>

United States Bankruptcy Court  for the: <u>Southern District of New York</u>
(State)

Case number (*If known*): _____

☐  Check if this is an
amended filing

<u>Official Form 204</u>

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. Bank National Association c/o Thompson Hine LLP Attn.:  Elizabeth Frayer 335 Madison Avenue, 12th Floor New York, NY 10017-4611 | Attn.:  Elizabeth Frayer c/o Thompson Hine LLP Attn.:  Elizabeth Frayer 335 Madison Avenue, 12th Floor New York, NY 10017-4611 Phone: (212) 908-3973 Fax: (212) 344-6101 Email: Elizabeth.Frayer@ThompsonHine.com | 9.00% Notes due 2021 (OpCo) | | | | $70,734,650.00 |
| 2 | C&S Wholesale c/o Landis Rath & Cobb LLP Attn.:  Richard S. Cobb 919 Market Street Wilmington, DE 19801 | Attn.:  Richard S. Cobb c/o Landis Rath & Cobb LLP Attn.:  Richard S. Cobb 919 Market Street Wilmington, DE 19801 Phone: (302) 467-4430 Email: cobb@lrclaw.com | Trade Debt | | | | $54,718,870.00 |
| 3 | U.S. Bank National Association c/o Thompson Hine LLP Attn.:  Elizabeth Frayer 335 Madison Avenue, 12th Floor New York, NY 10017-4611 | Attn.:  Elizabeth Frayer c/o Thompson Hine LLP Attn.:  Elizabeth Frayer 335 Madison Avenue, 12th Floor New York, NY 10017-4611 Phone: (212) 908-3973 Fax: (212) 344-6101 Email: Elizabeth.Frayer@ThompsonHine.com | 8.75% Notes due 2018 (HoldCo) | | | | $8,748,058.00 |
| 4 | Topco Attn.:  Andrew J. Broccolo 150 Northwest Point Boulevard Elk Grove Village, IL 60007-1015 | Attn.:  Andrew J. Broccolo 150 Northwest Point Boulevard Elk Grove Village, IL 60007-1015 Phone: (847) 329-3360 Email: abroccolo@topco.com | Trade Debt | | | | $7,800,000.00 |

WEIL:\96429439\1\77738.0003

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5 | UFCW Local One Health & Welfare Fund c/o Slevin & Hart, P.C. Attn.: Sharon M. Goodman 1625 Massachusetts Ave. N.W. Suite 450 Washington, DC 20036 | Attn.: Sharon M. Goodman c/o Slevin & Hart, P.C. Attn.: Sharon M. Goodman 1625 Massachusetts Ave. N.W., Suite 450 Washington, DC 20036 Phone: (202) 797-2205 Email: sgoodman@slevinhart.com | Benefits-Related | | | | $3,080,400.00 |
| 6 | Frito-Lay Inc. Att.: James Simms 7075 Samuel Morse Dr. Suite 240 Columbia, MD 21046 | Attn.: James Simms 7075 Samuel Morse Dr., Suite 240 Columbia, MD 21046 Phone: (410) 423-6001 Email: james.simms@pepsico.com | Trade Debt | | | | $2,952,006.00 |
| 7 | United Natural Foods Attn.: JJ Cantrell P.O. Box 706 Keene, NH 03431 | Attn.: JJ Cantrell P.O. Box 706 Keene, NH 03431 Phone: (864) 918-0097 Email jcatrell@unfi.com | Trade Debt | | | | $2,530,309.00 |
| 8 | Coca-Cola c/o Coca-Cola Bottling Company of Northern New England, Inc. Attn.: Andy Marchesseault P.O. Box 419784 Boston, MA 02241-9784 | Attn.: Andy Marchesseault c/o Coca-Cola Bottling Company of Northern New England, Inc. Attn.: Andy Marchesseault P.O. Box 419784 Boston, MA 02241-9784 Phone: (603) 391-4887 Email: amarchesseault@ccnne.com | Trade Debt | | | | $2,353,543.00 |
| 9 | Pepsi c/o Pepsi Bottling Group Grocery Attn.: Bill Larrabee P.O. Box 75960 Chicago, IL 60675-5948 | Attn.: Bill Larrabee c/o Pepsi Bottling Group Grocery Attn.: Bill Larrabee P.O. Box 75960 Chicago, IL 60675-5948 Phone (518) 588-5948 Email: william.larrabee@pepsi.com | Trade Debt | | | | $1,957,627.00 |
| 10 | Upstate Niagara Cooperative, Inc. Attn.: Mark A. Serling and Pat Weed 25 Anderson Road Buffalo, NY 14225 | Attn.: Mark A. Serling 25 Anderson Road Buffalo, NY 14225 Phone: (585)-329-9436 Fax: (716) 896-8752 Email: mserling@upstateniagara.com  Attn.: Pat Weed 25 Anderson Road Buffalo, NY 14225 Phone: (716) 892-3156 x2562 Email: pweed@upstateniagara.com | Trade Debt | | | | $1,501,781.00 |
| 11 | Mondelez Global LLC Attn.: Angela Gray P.O. Box 70064 Chicago, IL 60673-0064 | Attn.: Angela Gray P.O. Box 70064 Chicago, IL 60673-0064 Phone: (412) 398-6624 Email: angela.gray@mdlz.com | Trade Debt | | | | $1,454,995.00 |
| 12 | Sure Winner Foods Attn.: Paul Godin 2 Lehner Road Saco, ME 04072 | Attn.: Paul Godin 2 Lehner Road Saco, ME 04072 Phone: (207) 282-1258 x1255 Email: paul.godin@myswfoods.com | Trade Debt | | | | $1,371,652.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | DXC Technology Services LLC Attn: William L. Deckelman Jr. 1775 Tysons Blvd. Tysons, VA 22102 | Attn.: Jim Lewis DXC Technology Services LLC c/o Hewlett Packard Enterprise Office of the General Counsel 5400 Legacy Drive Plano, TX 75024 Phone: (717) 773-5389 Phone: (404) 774-4443 Email: james.lewis5@dxc.com  Attn: William L. Deckelman Jr. DXC Technology Services LLC 1775 Tysons Blvd. Tysons, VA 22102 Phone: (703)245-4585 Email: wdeckelman@csc.com | Trade Debt | | | | $1,094,383.00 |
| 14 | Stroehmann Bakeries, L.C. Attn.: Keith Smith P.O. Box 644254 Pittsburgh, PA 15264-4254 | Attn.: Keith Smith P.O. Box 644254 Pittsburgh, PA 15264-4254 Phone: (704) 756-6552 Email: ksmith@bbumail.com | Trade Debt | | | | $1,084,190.00 |
| 15 | Wright Beverage Distributing Attn.: Jeri Rippon 3165 Brighton Henrietta, Town Line Road Rochester, NY 14623 | Attn.: Jeri Rippon 3165 Brighton Henrietta, Town Line Road Rochester, NY 14623 Phone: (585) 424-9613 Email: jrippon@wrightbev.com | Trade Debt | | | | $1,066,346.00 |
| 16 | Kreher's Farm Fresh Eggs LLC Attn.: Jamey Payne 5411 Davison Road P.O. Box 410 Clarence, NY 14031-0410 | Attn.: Jamey Payne 5411 Davison Road P.O. Box 410 Clarence, NY 14031-0410 Phone: (716) 759-6802 Email: jameypayne@krehereggs.net | Trade Debt | | | | $875,565.00 |
| 17 | Supermarket Management c/o Duke, Holzman, Photiadis & Gresens LLP Attn.: Robert Bencini 701 Seneca Street, Suite 750 Buffalo, NY 14210 | Attn.: Robert Bencini c/o Duke, Holzman, Photiadis & Gresens LLP 701 Seneca Street, Suite 750 Buffalo, NY 14210 Phone: (716) 855-1111 Email: rlbencini@dhpglaw.com | Contract | Contingent Unliquidated Disputed | | | Unliquidated |
| 18 | Anthony Dimino c/o Phillips Lytle LLP One Canalside Attn.: David J. Murray 125 Main Street Buffalo, NY 14203-2887 | Attn.: David J. Murray c/o Phillips Lytle LLP One Canalside 125 Main Street Buffalo, NY 14203-2887 Phone: (716) 847-5453 Email: DMurray@phillipslytle.com | Contract | Contingent Unliquidated Disputed | | | Unliquidated |
| 19 | UFCW Local One Pension Fund c/o Slevin & Hart, P.C. Attn.: Sharon M. Goodman 1625 Massachusetts Ave. N.W. Suite 450 Washington, DC 20036 | Attn.: Sharon M. Goodman c/o Slevin & Hart, P.C. 1625 Massachusetts Ave. N.W., Suite 450 Washington, DC 20036 Phone: (202) 797-2205 Email: sgoodman@slevinhart.com | Benefits | Unliquidated | | | Unliquidated |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | NYS Teamsters Conference Pension & Retirement Fund c/o Groom Law Firm Attn.: Mark Nielsen 1701 Pennsylvania Avenue, N.W. Washington, DC 20006 | Attn.: Mark Nielsen c/o Groom Law Firm 1701 Pennsylvania Avenue, N.W. Washington, DC 20006 Phone: (202) 861-5429 Email: mnielsen@groom.com | Benefits | Contingent Unliquidated Disputed | | | Unliquidated |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name: Tops Markets, LLC

United States Bankruptcy Court for the: Southern District of New York
(State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule _____

☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 21, 2018          X  /s/ David Langless _____
MM /DD /YYYY                              Signature of individual signing on behalf of debtor

                                         David Langless _____
                                         Printed name

                                         Chief Financial Officer _____
                                         Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------- x
                                                          :
In re                                                     :      Chapter 11
                                                          :
TOPS MARKETS, LLC,                                        :      Case No. 18– _____ (RDD)
                                                          :
                        Debtor.                           :
--------------------------------------------------------- x
```

## LIST OF EQUITY SECURITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest, of the above- captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐  There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the debtor's equity interest.

☒  The following are the debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Equity Interest Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| Tops Holding LLC 6363 Main Street Williamsville, New York 14221 | Membership | 100% |

---

[1] This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: Tops Markets, LLC

United States Bankruptcy Court  for the: Southern District of New York
(State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐   Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐   Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐   Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐   Schedule H: Codebtors (Official Form 206H)

☐   Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐   Amended Schedule _____

☐   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑   Other document that requires a declaration **List of Equity Holders**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  February 21, 2018           X  /s/ David Langless_____
MM / DD /YYYY                                 Signature of individual signing on behalf of debtor

David Langless_____
Printed name

Chief Financial Officer_____
Position or relationship to debtor